IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51053
Summary Calendar
_____

SHELBY HARRIS,

                                        Petitioner-Appellant,

versus

CARL WHITE, Warden, LCDC; DORA B. SCHRIRO,
Director, Missouri Department of Corrections,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-185
- - - - - - - - - -
July 17, 1998
Before JOLLY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Shelby Harris, a Missouri-state prisoner previously housed

in the Limestone County Detention Center (LCDC) in Groesback,

Texas, moves this court for a certificate of appealability (COA)

to appeal the district court's dismissal of his petition for a

writ of habeas corpus.  Harris argues that he was incarcerated in

the LCDC under an unconstitutional contract and without due

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

process.  Harris also contends that the district court abused its discretion in imposing on him a $25 sanction.

Harris is GRANTED a COA on the issue whether the district court abused its discretion in imposing on him the $25 sanction and in enjoining him from initiating any new civil actions in the court unless he paid the sanction or was granted leave of court. Because Harris has not made a substantial showing of the denial of a constitutional right as to his remaining arguments, his request for a COA otherwise is DENIED.  See 28 U.S.C. § 2253(c)(2).  His request for appointment of counsel also is DENIED.

This court reviews a district court's decision to impose sanctions under Rule 11 for an abuse of discretion.  Childs v. State Mut. Auto. Ins. Co., 29 F.3d 1018, 1023 (5th Cir. 1994). In reviewing the district court's imposition of Rule 11 sanctions, this court inquires "whether the [petitioner's] contention is utterly frivolous and whether it is asserted with no good faith belief in its validity."  Anderson v. Butler, 886 F.2d 111, 114 (5th Cir. 1989).  Sanctions should be imposed in habeas proceedings "only in the most egregious circumstances and where the court has specifically found that sanctions are indispensable."  Id.  The district court's imposition of sanctions under the circumstances of this case was an abuse of discretion.  See id.  Accordingly, the dismissal of Harris'

habeas petition is AFFIRMED, but the judgment appealed from is MODIFIED to reflect no imposition of sanctions.

COA GRANTED IN PART, DENIED IN PART.  MOTION FOR APPOINTMENT OF COUNSEL DENIED.  AFFIRMED AS MODIFIED.